**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ORLANDO CARTER,
    Plaintiff,

    vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,
    Defendants.

Case No. 1:15-cv-544
Barrett, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff Orlando Carter brings this pro se diversity action pursuant to 28 U.S.C. § 1332

against defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Standard

Guaranty Insurance Company ("Standard Guaranty") alleging state law claims of negligence,

gross negligence, breach of contract, breach of the covenant of good faith and fair dealing,

breach of fiduciary duty, civil conspiracy, and conversion. (Doc. 1). This matter is before the

Court on Deutsche Bank's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for

failure to join a necessary and indispensable party (Doc. 6), Standard Guaranty's motion to

dismiss under Rule 12(b)(7) (Doc. 7), plaintiff's response in opposition to Deutsche Bank (Doc.

13), plaintiff's response in opposition to Standard Guaranty (Doc. 14), Deutsche Bank's reply

memorandum (Doc. 16), Standard Guaranty's reply memorandum (Doc. 17), and plaintiff's sur-

reply (Doc. 18).

## I. Background

### *Plaintiff's First Action*

Plaintiff filed a pro se diversity action in this Court in February 2015 against Deutsche

Bank, Standard Guaranty, and JPMorgan Chase Bank ("Chase Bank"). (*See* S.D. Ohio Case No.

1:15-cv-14, Doc. 4). Plaintiff's complaint indicated that Deutsche Bank holds the mortgage to a

parcel of real property in Warren County, Ohio. Chase Bank is the mortgage servicer for

Deutsche Bank and plaintiff is the mortgagor.  In July 2009, Deutsche Bank filed a foreclosure action against plaintiff on the property at which time Chase Bank took control of the property.  In July 2011, Deutsche Bank voluntarily dismissed the foreclosure action against plaintiff and then attempted to re-file it in July 2012.  Plaintiff alleged that one year after the foreclosure action was dismissed but before the foreclosure matter was re-filed, he attempted to take possession of the property but was unable to do so because Deutsche Bank and Chase Bank failed to provide the ordinary level of care to the property.  Plaintiff alleged their negligence caused substantial water, mold, mildew, and structural damage to the property.  Plaintiff contacted Standard Guaranty to report the damage and an insurance agent came to the property to assess the damage.  Standard Guaranty established two claim numbers: one in the amount of $28,802.10 ("claim one") and one in the amount of $55,000.00 ("claim two").  Plaintiff alleged that although the claims were approved, Standard Guaranty improperly refused—at the request of Chase Bank—to make payment due to the ongoing foreclosure matter.  Plaintiff alleged that all three defendants engaged in a conspiracy to deprive him of his rightful use of the property.  (*See generally id.*).

Chase Bank and Deutsche Bank filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, which Standard Guaranty joined.  (*See* S.D. Ohio Case No. 1:15-cv-14, Docs. 9, 17).  After briefing, the undersigned issued a Report and Recommendation that the motion to dismiss be granted for lack of complete diversity.  (*See* S.D. Ohio Case No. 1:15-cv-14, Doc. 23).  Specifically, the undersigned found that plaintiff and Chase Bank (formally JPMorgan Chase, N.A.) were both citizens of Ohio for purposes of establishing subject matter jurisdiction.  (*Id.* at 6-7).  Thus, the Court was without jurisdiction to consider plaintiff's complaint, which did not allege a basis for federal jurisdiction independent of diversity.  (*Id.* at 7-8).

2

After the undersigned issued the Report and Recommendation, plaintiff filed a motion to dismiss Chase Bank as a party, arguing that Chase Bank was not an indispensable party. (*See* S.D. Ohio Case No. 1:15-cv-14, Doc. 24). Plaintiff also filed an objection to the Report and Recommendation, arguing that the Court would be able to exercise diversity jurisdiction if Chase Bank was dropped as a party. (S.D. Ohio Case No. 1:15-cv-14, Doc. 25).

After reviewing plaintiff's objection to the Report and Recommendation and conducting a *de novo* review, the Court adopted the Report and Recommendation, granted the motion to dismiss, and dismissed plaintiff's case for lack of subject matter jurisdiction. (*See* S.D. Ohio Case No. 1:15-cv-14, Doc. 34).

*The Instant Action*

Less than one month after the Court dismissed plaintiff's prior action, he filed the instant complaint. (Doc. 1). The allegations and causes of action in the instant complaint are largely the same as those in the prior action, except that plaintiff has added a claim for conversion. (*See generally id.*). However, the instant complaint does not name Chase Bank as a defendant. (*See id.*).

## II. The Motions to Dismiss (Docs. 6, 10)

### A. Standard of Review

"[R]esolution of the question of joinder under [Federal Rule of Civil Procedure] 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993) (citing *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir. 1987)). First, the Court must determine whether a party "is necessary to the action and should be joined if possible." *Id.* Rule 19(a) describes this initial analysis as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the Court finds that the absent party falls within either one of these provisions, "the party is thus one to be joined if feasible." *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1345.

Second, if the Court determines that an absent party is necessary, the Court shall join the party if personal jurisdiction is present; "however, in the absence of personal jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court." *Id.* at 1345-46.

Third, if the Court determines that the absent party cannot properly be brought before the Court, the Court analyzes "the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* at 1346. The factors for determining indispensability include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A)   protective provisions in the judgment;
>> (B)   shaping the relief; or
>> (C)   other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

B.  Resolution

Deutsche Bank argues that Chase Bank is a necessary party because "at the heart" of plaintiff's claims is the question of whether and to whom insurance proceeds are to be distributed under an insurance policy issued by Standard Guaranty for which Chase Bank is the named insured. (Doc. 6 at 4).  Deutsche Bank contends that Chase Bank cannot be joined as a party because doing so would destroy diversity and deprive the Court of subject matter jurisdiction. (*Id.* at 5-7).  Deutsche Bank argues that this action cannot proceed in federal court without Chase Bank because the Rule 19(b) factors weigh in Chase Bank's favor. (*Id.* at 7-8).  Further, Deutsche Bank contends the Court already found that Chase Bank is an indispensable party in the prior action. (*Id.* at 8-9).  Standard Guaranty's arguments are largely the same as those advanced by Deutsche Bank. (*See* Doc. 10 at 6-10).

Plaintiff responds that Chase Bank is not a necessary party because plaintiff's breach of contract claim does not concern insurance claim one, which Standard Guaranty already paid to Chase Bank, but only insurance claim two, which Standard Guaranty has not paid to plaintiff or Chase Bank. (Doc. 13 at 1-2).  Plaintiff argues that Chase Bank is not a necessary party because it served as Deutsche Bank's agent and under Deutsche Bank's apparent authority. (*Id.* at 2-3).  As to insurance claim two, plaintiff contends that he will adequately represent Chase Bank's interest in those insurance proceeds. (*See id.* at 4).  Plaintiff argues that if Chase Bank must join the lawsuit, it would do so as an intervening plaintiff and would not destroy complete diversity. (*See id.* at 4-5).  Plaintiff contends that Chase Bank's interests are aligned with plaintiff's against Standard Guaranty under the insurance contract. (*See* Doc. 14 at 2-4).  Plaintiff contends that the Court has not previously ruled on the merits concerning Chase Bank's indispensability under Rule 19. (*See* Doc. 13 at 5-6; Doc. 14 at 5-6).

In reply, Deutsche Bank argues that Chase Bank will be prejudiced if this action proceeds in its absence because as the named insured under the insurance policy, Chase Bank "has the right to be paid the very money [plaintiff] seeks to recover in this lawsuit, regardless of whether that money is to be paid under Claim 1 or Claim 2." (Doc. 16 at 4). Deutsche Bank contends that plaintiff cannot adequately represent Chase Bank's interests because (1) plaintiff and Chase Bank "are competitors for any insurance proceeds that Standard Guaranty may be ordered to pay"; (2) plaintiff is a pro se plaintiff "who has no legal training and resides in federal prison"; and (3) Chase Bank "would actually offer what [plaintiff] cannot—legal defenses and evidence showing no wrongful conduct." (*Id.* at 5). Deutsche Bank argues that it cannot adequately represent Chase Bank's interests because Deutsche Bank is not a party to the insurance contract or a defendant to the contract claims. (*Id.* at 6-7). Deutsche Bank contends that if Chase Bank were to intervene, "it would do so as a defendant to preserve its right to recover the insurance proceeds that [plaintiff] seeks." (*Id.* at 8). Standard Guaranty argues that if Chase Bank is not joined in this litigation Standard Guaranty would be "subject to potentially inconsistent obligations if, for instance, Plaintiff were to obtain a judgment from this Court that he is entitled to insurance proceeds, and Chase then pursues a separate action against [Standard Guaranty] for coverage, asserting its rights as a 'named insured.'" (Doc. 17 at 2). Standard Guaranty contends that Chase Bank's actions in the prior lawsuit "show that it does not wish to be aligned with Plaintiff in this litigation." (*Id.* at 3).

In his sur-reply, plaintiff argues that because he "brings no breach of contract action against Chase, a need [for Deutsche Bank] to advance contract defenses on Chase's behalf is moot and unnecessary." (Doc. 18 at 3). Plaintiff contends that the language in the insurance policy "puts Chase and [plaintiff] in the same stead, giving [plaintiff] the right to bring a breach of contract claim against [Standard Guaranty] without Chase's permission." (*Id.*).

Here, plaintiff's argument that Chase Bank is not a necessary and indispensable party is foreclosed by the law of the case doctrine. The law of the case doctrine "precludes a court from 'reconsideration of identical issues.'" *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973)). "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Id.* (quoting *Coal Res., Inc. v. Gulf & W. Indus., Inc.*, 865 F.2d 761, 766, *opinion amended on denial of reh'g*, 877 F.2d 5 (6th Cir. 1989)). In the Order dismissing plaintiff's prior action, the Court indicated that it had considered plaintiff's objection to the Report and Recommendation as well as "all of the filings in this matter," which would include plaintiff's arguments that Chase Bank could be dismissed from the lawsuit to maintain diversity jurisdiction. (*See* S.D. Ohio Case No. 1:15-cv-14, Doc. 34). Unpersuaded by plaintiff's arguments, the Court adopted the Report and Recommendation and dismissed plaintiff's action. (*See id.*). In doing so, the Court necessarily rejected plaintiff's objection that Chase Bank was not an indispensable party and the lawsuit could continue in Chase Bank's absence. Thus, under the law of the case doctrine, the Court is precluded from reconsideration of this identical issue. *See Hanover Ins. Co.*, 105 F.3d at 312.

In the alternative, even if plaintiff's argument is not foreclosed by the law of the case doctrine, Chase Bank is a necessary and indispensable party to this action. First, Chase Bank is a necessary party because as the named insured under the insurance policy, Chase Bank "claims an interest relating to the subject of the action." (*See* Insurance policy declarations page, Doc. 1-1, Exh. A); Fed. R. Civ. P. 19(a)(1)(B). Further, Chase Bank's absence may "leave [Standard Guaranty] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [Chase Bank's] interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). This is because the Court's resolution of Standard Guaranty's obligation to plaintiff would not resolve

Chase Bank's interest, and Chase Bank would still be able to make a claim against Standard

Guaranty for funds that the Court might order paid to plaintiff. Further, resolving plaintiff's

claim in Chase Bank's absence may "as a practical matter impair or impede" Chase Bank's

ability to protect its interest in the insurance proceeds at issue. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

*See also Stanley Elec. Co., Inc. v. Crawford Equip. & Eng'g Co.*, 249 F.R.D. 267, 275 (S.D.

Ohio 2008) ("As a signatory to these contracts . . . [defendant] clearly has an interest in how they

are construed."). Thus, Chase Bank is a necessary party to this action.

      Second, Chase Bank cannot feasibly be joined as a party because Chase Bank "cannot

properly be brought before the court" without destroying diversity jurisdiction. *See Keweenaw*

*Bay Indian Cmty.*, 11 F.3d at 1345-46. Plaintiff argues that Chase Bank would join the action as

a plaintiff because its interests are aligned with plaintiff's against Standard Guaranty under the

insurance contract. However, even if plaintiff is correct that Chase Bank is adverse to Standard

Guaranty, it does not necessarily follow that Chase Bank's interests are aligned with plaintiff's

interests. To the contrary, as the named insured on the policy, any recovery that plaintiff might

receive under the policy would reduce the amount that Chase Bank could recover under the

policy. *See Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th

Cir. 2010) ("Parties must 'be aligned in accordance with the primary dispute in the

controversy.'") (quoting *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th

Cir. 1992)). Here, in deciding who is entitled to the $55,000.00 at stake in insurance claim two,

plaintiff's interest is adverse to both Standard Guaranty as the payor and Chase Bank as the

named insured.

      Third, Chase Bank is an indispensable party. As discussed above, Chase Bank's interest

in the insurance proceeds would be prejudiced by its absence. *See* Fed. R. Civ. P. 19(b)(1).

Further, Standard Guaranty might be prejudiced if plaintiff's claim against it were resolved in

8

Chase Bank's absence, leaving Standard Guaranty subject to potentially inconsistent obligations should Chase Bank pursue a separate action against Standard Guaranty as the "named insured" under the policy. *See id.* Second, this prejudice cannot be lessened without providing Chase Bank an opportunity to appear and argue its case, which is not possible in this federal forum given the requirement of complete diversity. In Chase Bank's absence, the Court will not be able to determine whether Chase Bank is entitled to some or all of the insurance proceeds to which plaintiff claims entitlement. *See* Fed. R. Civ. P. 19(b)(2). Thus, any judgment rendered in Chase Bank's absence would be inadequate. *See* Fed. R. Civ. P. 19(b)(3). Most importantly, plaintiff has an adequate alternative remedy when this action is dismissed for non-joinder. *See* Fed. R. Civ. P. 19(b)(4). Specifically, plaintiff may file an action in state court where the lack of diverse citizenship will not destroy subject matter jurisdiction. Accordingly, Chase Bank is a necessary and indispensable party to this action.

## III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that defendants' motions to dismiss (Docs. 6, 10) be **GRANTED**.

Date: 3/31/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ORLANDO CARTER,
    Plaintiff,

    vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,
    Defendants.

Case No: 1:15-cv-544
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).