**UNITED STATES DISTRICT COURT.**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ORLANDO CARTER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:15cv544 |
| | ) | |
| vs. | ) | Judge Michael R. Barrett |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>ORDER</u>

This matter is before the Court on the Report and Recommendations ("R&R") of the Magistrate Judge (Doc. 22).   Plaintiff filed his Objections to the Report (Doc. 25) and Defendants filed Responses (Docs. 26, 27).  Before the Court is also Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Objection to Report and Recommendation (Doc. 28) and the responsive memoranda thereto (Docs. 29, 30, 31, 32, 33).

## I.    BACKGROUND

The Magistrate Judge set forth in great detail the facts of this case, and the same will not be repeated here except to the extent necessary to respond to Plaintiff's objections.  Plaintiff brings this *pro se* action against Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Standard Guaranty Insurance Company ("Standard Guaranty") pursuant to 28 U.S.C. § 1332 alleging state law claims of negligence, gross negligence, breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, civil conspiracy, and conversion.  (Doc. 1).

The crux of Plaintiff's case involves a real piece of property in Warren County, Ohio. This is not Plaintiff's first go-around in this Court regarding this particular property.  In February 2015, Plaintiff filed a *pro se* diversity action against Deutsche Bank, Standard Guaranty, and JPMorgan Chase Bank ("Chase")  pertaining to the same piece of property at issue in this case. (*See* Case No. 1:15-cv-014).

The parties in the previous case were as follows: Plaintiff was the mortgagor on the property; Defendant Deutsche Bank the mortgage holder, and Defendant Chase the mortgage servicer.  By way of background, in July 2009, Deutsche Bank filed a foreclosure action against Plaintiff and Chase consequently took control of the property. Two years later, in July 2011, Deutsche Bank voluntarily dismissed the foreclosure action.  Plaintiff alleged that when the Defendants had control of the property, they negligently caused water, mold, mildew, and structural damage to the property. Plaintiff asked Deutsche Bank to repair the property, but Deutsche Bank refused.  Subsequently, in August 2012, Deutsche Bank refiled the foreclosure action.  In response, Plaintiff contacted Standard Guaranty to assess the property and report damages. Standard Guaranty established a claim for $28,802.10 and a claim for $55,000.00. Plaintiff maintained that even though the claims were approved, Standard Guaranty refused to make payments – at Chase's request – due to the pending foreclosure action.  Accordingly, in Plaintiff's previous case he brought tort and contract claims against Deutsche Bank, Standard Guaranty, and Chase, jointly and severally, for damaging the property.  Plaintiff alleged that all three defendants engaged in a conspiracy to deprive him of the rightful use of his property and to withhold insurance proceeds.

In that case, Deutsche Bank filed a 12(b)(1) motion, which Standard Guaranty joined. The Magistrate Judge issued a Report and Recommendation granting the motion. (Case No.

1:15-cv-014, Doc. 23). The Magistrate Judge found that Plaintiff and Chase were both Ohio citizens for purposes of establishing subject-matter jurisdiction. Thus, there was not complete diversity and the Court did not have jurisdiction. Plaintiff then filed a motion to dismiss Chase arguing that Chase was not an indispensable party. On July 28, 2016, this Court adopted the Report and Recommendation, and dismissed the case for lack of subject-matter jurisdiction. (Case No. 1:15-cv-014, Doc. 34).

This lawsuit followed less the one month later. Deutsche Bank and Standard Guaranty filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary and indispensable party. Chase is not named as a Defendant in this case. The Magistrate Judge recommends granting the Defendants' motions to dismiss. In doing so, she reaches two primary conclusions. First, Plaintiff's argument that Chase is not a necessary and indispensable party is barred by the law of the case doctrine. And second, in the alternative, Chase is an indispensable party. After being granted an extension of time, Plaintiff's timely objections followed.

## II.     STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.    ANALYSIS

Plaintiff raises eight assignments of error.  In addition, Plaintiff seeks to strike Defendants' Responses to Plaintiff's Objections (Docs. 26, 27).

### A.  Motion to Strike

Plaintiff first argues that Defendants' Responses should be stricken as untimely.  Plaintiff contends that he served Defendants by mail on April 27, 2016 and thus, Defendants were required to respond by May 11, 2016 – within 14 days of service.  Because Deutsche Bank and Standard Guaranty did not file their responses until May 16, 2016 and May 19, 2016 respectively, Plaintiff asks the Court to strike Defendant's Responses.  *See* Fed. R. Civ. P. 12(f). The Court declines to do so.

Defendants were not served until May 3, 2016, when they received notice via the Court's ECF notification service. (*See* Doc. 29-1; *see also* Doc. 30-1).  Thus, Pursuant to Rule 72(b), Defendants had until May 17, 2016 to respond to the Plaintiff's objection.  This filing deadline was extended an additional three days because Defendants were served by electronic mail.  *See* Rule 6(d).[1]  Accordingly, Defendants' May 16, 2016 and May 19, 2016 Responses were timely.

The remainder of Plaintiff's Motion to Strike sets forth the same arguments presented in his Objections.  Those arguments are addressed below.

### B.  Objections

Plaintiff argues generally: 1) the issue of whether Chase is an indispensable party is not precluded by the law of the case doctrine; and 2) Chase is not an indispensable party.  The Court addresses Plaintiff's Objections out of order.

---

[1] Both Defendants also present alternative grounds for the Court to find that they responded in a timely manner.

## 1.   <u>The Case Law Doctrine</u>

The law of the case doctrine is a discretionary doctrine that holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618, (1983)). "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 766 (6th Cir. 2000)).  The law of the case doctrine has three exceptions. *Id*.   A court may reconsider a previous ruling in the following situations: (1) when "substantially different evidence" is raised later in litigation; (2) when a controlling authority subsequently decides a contrary rule of law; and (3) when a decision is clearly erroneous.  *Id*.

In the vast majority of instances, the law of the case doctrine is invoked to preclude a court from reconsidering an issue decided by a coordinate court in the same suit.  *See e.g. United States v. Todd*, 920 F.2d 399 (1990); *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056 (6th Cir. 2014); *Hanover Ins. Co.*, 105 F.3d 306 (6th Cir. 1997); *Coal Resources, Inc.*, 865 F.2d 761 (6th Cir. 1989).  Nevertheless, the Supreme Court has explained that "the [law of the case] doctrine applies as much to the decisions of a coordinate court in the same case *as to a court's own decisions*." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (emphasis added).  The Sixth Circuit has reiterated this position. *See United States v. Todd*, 920 F.2d at 403.

Under the foregoing precedent, the Court agrees with the Magistrate Judge that the law of the case doctrine precludes the Court from considering whether Chase is an indispensable party. In the previous case, Plaintiff argued that Chase could be dismissed because Chase was not an

5

indispensable party.  (Case No. 1:15-cv-014, Doc. 25).  By dismissing the action, the Court necessarily decided that, contrary to Plaintiff's argument, Chase was an indispensable party.  Of significance, the underlying facts in this case are identical to those advanced by Plaintiff in the previous case.  The only difference between the two cases is that Chase was removed as a named defendant in the latter.  Accordingly, Plaintiff's argument that the "substantially different evidence" exception applies is without merit.  The law of the case doctrine precludes the Court from reconsidering the issue of whether Chase is an indispensable party.  Plaintiff's objections on this point are overruled.

## 2.  Indispensable Party

The Magistrate Judge concludes that even if the law of the case doctrine does not bar reconsideration of the issue, Chase is an indispensable party.  Plaintiff objects to this conclusion, raising various, but related arguments.[2]

"The resolution of the question of joinder under Rule 19, and thus of dismissal for failure to join an indispensable party under Rule 12(b)(7), involves a three-step process."  *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993) (citing *Local 670 v. Int'l Union, Union Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir. 1987).  First, the court determines if the party is necessary to the action and should be joined.  *Id.*

Federal Rules of Civil Procedure 19(a)(1) provides:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[2] Many of Plaintiff's objections on this point are inexplicably intertwined.  As such, for purposes of clarity, the Court addresses these objections together.

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

i.    as a practical matter impair or impede the person's ability to protect the interest; or

ii.    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  If the court determines that the absent party falls within one of the above provisions, the party should be joined, if feasible.  *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1135.

Second, if personal jurisdiction is present, the party shall be joined.  *Id*.  However, if the court lacks personal jurisdiction or if the venue is improper, the court should proceed to the third step.  *Id.* at 1345-46.  In the final step, the court analyzes the factors in Rule 19(b) to determine whether the court can proceed without the absent party or if the court must dismiss the case for lack of an indispensable party.  *Id.* at 1346.  The following factors establish whether a party is indispensable:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R . Civ. P. 19(b).

First, Plaintiff argues that the insurance contract allows Standard Guaranty to make a payment to Chase and Plaintiff in the same instrument. (Doc. 25, PageID 206). Thus, according to Plaintiff, Chase will not be prejudiced in this case because the Court can include Chase in any payments on the insurance policy. *Id.* Plaintiff's argument is without merit.

The Magistrate Judge properly explained and applied the *Keweenaw Bay* three-part test for determining if a party is necessary and indispensable. (*See* Doc. 22). First, Chase is the named insurer on the insurance policy at issue. If Chase is not joined in this case, as the named insurer, Chase could bring suit against Standard Guaranty. Standard Guaranty could then incur multiple, inconsistent judgments as to Standard Guaranty's obligations under the insurance contract. *See* Fed. R. Civ. P. 19(a)(1)(ii).

Next, the Magistrate Judge concluded that Chase could not join as an intervening Plaintiff, thus saving diversity jurisdiction. Plaintiff's argument to the contrary is unavailing because Chase and Plaintiff's interests are not aligned. While both Chase and Plaintiff are adverse as to Standard Guaranty, this does not automatically mean that Chase and Plaintiff hold the same interests. In fact, Chase and Plaintiff's interests are not in line because they are competitors for the same insurance proceeds. Any recovery Plaintiff might collect would lessen the amount Chase would receive. Further, Chase's actions in the previous case confirm that Chase and Plaintiff are indeed adverse parties.

Finally, as the Magistrate Judge explained, all Rule 19(b) factors weigh in Defendants' favor. In Chase's absence, both Standard Guaranty and Chase would be prejudiced. *See* Fed. R. Civ. P. 19(b)(1). Standard Guaranty would be prejudiced because Standard Guaranty may incur multiple, inconsistent judgments. *See id.* And Chase would be prejudiced because Chase would

8

be unable to present its interest in the insurance proceeds. *See id*. This prejudice could only be remedied if Chase were joined in the action to assert its interests, thereby destroying diversity jurisdiction. *See* Fed. R. Civ. P. 19(b)(2). As a result of these incurable prejudices, any judgement rendered without Chase would be inadequate. *See* Fed. R. Civ. P. 19(b)(3). Nevertheless, Plaintiff has an adequate remedy. Plaintiff can file an action in state court. *See* Fed. R. Civ. P. 19(b)(4). While it is true that the presence of another forum does not necessarily outweigh a plaintiff's right to the forum of his or her choice, all other Rule 19(b) factors favor Defendants. Accordingly, the Magistrate Judge correctly concluded that Chase is an indispensable party.

In a separate Objection, Plaintiff argues that Chase and Plaintiff's interests are aligned. Specifically, Plaintiff argues that the Court should follow *U.S. Fidelity and Guaranty Co. v. Thomas Solvent Co.* 955 F.2d 1085 (6th Cir. 1992) and place Plaintiff and Chase on the same side of the dispute. (Doc. 25, PageID 200).

In *Indianapolis Gas v. Chase National Bank*, 314 U.S. 63 (1941), the Supreme Court held that when federal jurisdiction is based on diversity the parties must be aligned according to their interests in the "principal purpose of the suit." 314 U.S. at 69 (quoting *East Tennessee, V.&G.R. v. Grayson*, 119 U.S. 240, 244 (1886) (internal quotation marks omitted). The Sixth Circuit applied the "principal purpose" test in *U.S. Fidelity and Guaranty Co.* and found that the principal purpose of the action was to determine what each insurance company owed or did not owe each insurer. *U.S. Fidelity and Guaranty Co.*, 955 F.2d at 1091. The Court realigned the parties according to this finding, placing the insurers on one side of the suit and the insured on the other side. *Id*.

Plaintiff's reliance on *U.S. Fidelity and Guaranty Co.* is misplaced.  Here, unlike in *U.S. Fidelity and Guaranty Co.*, the interests of the insurers – Plaintiff and Chase – are not aligned. Moreover, Chase must be on the same side of the dispute as Deutsche Bank because Chase's conduct as Deutsche Bank's attorney-in-fact is the basis of Deutsche Bank's alleged liability. Accordingly, Plaintiff's argument is unpersuasive.

Plaintiff makes an additional argument pursuant to Federal Rule of Civil Procedure 19, asserting that Chase should be joined as an involuntary Plaintiff.  Rule 19(a)(2) states, "[i]f a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."  Fed. R. Civ. P 19(a)(2).  Joinder under Rule 19(a)(2) is disfavored.  *Nat'l City Bank of Mich. v. Forthright III*, 2009 U.S. Dist. LEXIS 7773, *13.  Therefore, the "proper case" requirement has been limited to mean that a party can only be joined as an involuntary plaintiff when the party "(1) has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof."  *Id.* at *13-14 (quoting *Sheldon v. West Bend Equipment Corp.*, 718 F.2d 603, 606 (3rd Cir.1983) (internal quotation marks omitted).

With that guidance, the Court turns to the present case.  Plaintiff's argument fails for two reasons.  First, Chase does not have a duty to allow Plaintiff to use its name under the insurance policy.  Moreover, Chase resides in Ohio and is thus subject to this Court's jurisdiction. Accordingly, Chase should not be joined as an involuntary Plaintiff.

Plaintiff takes a see-what-sticks approach setting forth alternative arguments. For example, Plaintiff argues that the R&R's conclusion is based on a "mischaracterization of the principle issue." (Doc. 25, PageID 195). According to Plaintiff, the primary dispute is whether Standard Guaranty breached its duty to perform under the insurance policy; who will get the insurance proceeds according to Plaintiff is, "at best …ancillary." *Id.* The Court disagrees.

Upon review, the R&R correctly concluded that at the "heart of the dispute is the question of whether and to whom insurance proceeds are to be distributed." (Doc. 22, PageID 184). Chase is the named insurer and Plaintiff is the borrower on the insurance policy. (Doc. 10-1). Under the terms of the policy, any payments due must be paid both to the named insurer and the borrower. *Id.* Thus, Standard Guaranty cannot make a payment on the contract without considering Chase's interests. Consequently, as previously stated, Plaintiff cannot adequately represent Chase's interests.

Plaintiff also argues that the R&R's conclusion that their interests are not in line is inconsistent with the findings in the previous case. (Doc. 25, PageID 196). Specifically, he asserts that in the previous action, Chase stated that "Standard Guaranty is the obligor while Chase and Mr. Carter are the obligees . . . . Thus SCIC and Chase are on the opposite sides of the contract and cannot owe the same duty of care to Mr. Carter." (Case No. 1:15-cv-014, Doc. 34). And Plaintiff argues that because the Court in the previous case asserted that is had considered "all the filings in this matter," including the above statement, the Court necessarily concluded that Chase and Plaintiff's interests are aligned. (Doc. 25, PageID 196-97).

Plaintiff's logic is flawed. Whether Chase and Plaintiff share an adversary in Standard Guaranty is not relevant to the analysis of whether Chase and Plaintiff's interests are aligned. And as previously explained, Chase and Plaintiff do not share the same interests.

11

Plaintiff next argues that the R&R violates the doctrine of ripeness because it prematurely assumes Chase and Plaintiff will disagree as to who is entitled to recover the insurance proceeds. (Doc. 25, PageID 198).  Plaintiff confuses the doctrine of ripeness and the doctrine of joinder.  The doctrine of ripeness deals with the timing of the suit.  For an action to be ripe, the facts must have developed to a point where the court is confident that a live controversy exits.  *See Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).  Plaintiff alleges that he has been injured by failures to pay insurance proceeds and to maintain personal property.  (*See generally* Doc. 1).  All parties agree that this issue is ripe.

The doctrine of joinder, on the other hand, determines when a party may or must be joined in an action.  *See* Fed. R. Civ. P. 19(a)(1); *see also* Fed. R. Civ. P. 20(a).  The question at hand, whether Chase is an indispensable party, falls under the doctrine of joinder – not the doctrine of ripeness.  Plaintiff's argument is without merit.

Finally, Plaintiff argues that the R&R creates an unnecessary dispute between Chase and Plaintiff.  Plaintiff specifically contends that there is no dispute regarding the contract between Chase and Plaintiff and thus, if Plaintiff filed a suit in state court, it would be dismissed as frivolous.  (*See* Doc. 25, PageID 203).  Regardless of how Plaintiff chooses to characterize the dispute, the facts remain – the primary dispute in this case is whether and to whom the insurance proceeds are to be paid.  This issue cannot be resolved without considering Chase's interest in the insurance proceeds.  Plaintiff's objections on this point are overruled.

IV.     **CONCLSUION**

Consistent with the foregoing, Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Objection to Report and Recommendation (Doc. 28) is **DENIED**; Plaintiff's

Objection (Doc. 25) is **OVERRULED** and the Magistrate Judge's R&R (Doc. 22) is

**ADOPTED**.  Accordingly, it is hereby **ORDERED**:

1. Deutsche Bank's Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (Doc. 6) is **GRANTED**; and

2. Standard Guaranty's Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (Doc. 10) is **GRANTED**;

This matter is **TERMINATED** from the docket of the Court.

 **IT IS SO ORDERED.**

      s/*Michael R. Barrett*
      Michael R. Barrett, Judge
      United States District Court